**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE NAVAJO NATION, )<br> a federally recognized Indian Tribe )<br>Navajo Nation Department of Justice )<br>Old BIA Club Building )<br>Window Rock, Arizona 86515 )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>UNITED STATES DEPARTMENT )<br>OF THE INTERIOR )<br>1849 C Street, N.W. )<br>Washington, D.C.  20240 )<br> )<br> and )<br> )<br>THE NAVAJO NATION, )<br> a federally recognized Indian Tribe )<br>Navajo Nation Department of Justice )<br>Old BIA Club Building )<br>Window Rock, Arizona 86515, )<br> )<br> Defendants. )<br> ) | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
**AND MONEY DAMAGES**

1.       Plaintiff Navajo Nation ("Nation") seeks relief for Defendants' violations of the Indian Self-Determination and Education Assistance Act, as amended, 25 U.S.C. §  5301 *et seq.* ("ISDEAA"), and regulations promulgated thereunder, and for Defendants' breach of a self-determination contract with respect to calendar  year ("CY") 2026.  The ISDEAA and the regulations provide that Defendants may not decline an Indian tribe's proposed funding under a self-determination contract if it is substantially the same as the prior year's funding under that

contract or its predecessor contract. This Court has ruled that the Nation was entitled to funding in the amount of $17,055,477 for CY 2016 under its contract with the Department of the Interior ("Department") covering operations of the Navajo Nation Judicial Branch. Increases in congressional appropriations for all self-determination contracts, which are distributed proportionally among contracts based on their existing funding level, increased the Nation's recurring base funding for that contract and its successor some 47% between CY 2017 and CY 2023. Accordingly, the Nation submitted a proposed Annual Funding Agreement ("AFA") for CY 2026 in the amount of $25,019,155, based on the amount it should have received for CY 2025. However, Defendants partially declined the Nation's funding proposal to the extent it exceeds the amount they deemed available for the contract, estimated to be $2,106,950. In addition, Defendants objected to, and purported to invalidate, certain language in the proposed AFA which had been included in previous AFAs. Because Defendants' actions violate the ISDEAA and applicable regulations, the Nation is entitled to declaratory and injunctive relief and damages.

## PARTIES

2.      The Nation is a federally recognized Indian Tribe whose reservation is located in the states of Arizona, New Mexico and Utah. The seat of the Nation's government is located in Window Rock, Arizona.

3.      The Department is an executive department within the United States government. The Bureau of Indian Affairs ("BIA") is a bureau within the Department. The Department's headquarters is located in Washington, D.C.

4.      The Secretary has overall responsibility for administering the Department and overseeing its constituent bureaus and programs, including the BIA, and contracting with Indian tribes under the ISDEAA. The Secretary's office is located in Washington, D.C.

**JURISDICTION AND VENUE**

5.  This is a civil action arising under the ISDEAA, 25 U.S.C. § 5331(a), and this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

6.  Venue in the District of Columbia is proper under 28 U.S.C. § 1391(b) and (e).

**FACTS**

7.  The Nation and the Department (the "Parties") entered into self-determination Contract No. A12AV00698 covering operations of the Nation's Judicial Branch for a five-year term from 2012 through 2016.

8.  The Parties entered into renewal Contract No. A17AV00252 for a five-year term from 2017 through 2021.

9.  The Parties entered into renewal Contract No. A22AV00151 for a five-year term from 2022 through 2026.

10.  Funding for self-determination contracts, including these contracts, is implemented through AFAs.

**The CY 2014 Action**

11.  In its proposed AFA for CY 2014, the Nation proposed a substantial increase in contract funding, seeking a total of $17,055,517, which the BIA partially declined.

12.  The Nation contended that this funding was deemed approved by operation of law because the BIA did not decline it within the statutory time period.

13.  The Nation filed an action in this Court seeking declaratory and injunctive relief and money damages with respect to the CY 2014 AFA, *Navajo Nation v. Department of the Interior, et al.*, No. 1:14-cv-01909 (the "CY 2014 Action").

14.     On appeal of the CY 2014 Action, the D.C. Circuit upheld the Nation's position that the funding increase to $17,055,517 was approved by operation of law. *Navajo Nation v. Department of the Interior*, 852 F.3d 1124 (D.C. Cir. 2017).

15.     This Court then granted the Nation's motion for summary judgment and ordered that the Nation's proposed 2014 AFA is deemed approved as of January 3, 2014.  On August 25, 2020, this Court entered a final judgment.

### The CY 2015 - CY 2025 Actions

16.     The BIA partially declined the Nation's proposed AFAs for CY 2015, CY 2016, CY 2017, CY 2018, CY 2019, CY 2020, CY 2021, CY 2022, CY 2023, CY 2024, and CY 2025, all of which sought the increased funding approved by operation of law for CY 2014.

17.     The  Nation filed actions in this Court contesting those declinations and seeking declaratory and injunctive relief and money damages.

18.     On March 21, 2022, this Court entered a Memorandum Opinion and Order deciding the consolidated actions for CY 2015 through CY 2020.  *See Navajo Nation v. Department of the Interior, et al.*, No. 1:16-cv-00011.

19.     The Court ruled that Defendants unlawfully declined the funding for CY 2015 and CY 2016.  Defendants did not appeal this ruling.

20.     The Court ruled that Defendants had lawfully declined the funding for CY 2017 through CY 2020.  The Nation appealed that ruling.

21.     The D.C. Circuit ruled that the Nation is entitled to the funding it requested in 2017 pursuant to 25 C.F.R. § 900.33, and that the Nation is entitled to the funding it requested in 2018 through 2020 pursuant to 25 C.F.R. § 900.32.  *Navajo Nation v. Department of the Interior*, 57 F.4th 285, 293-94 (D.C. Cir. 2023).

22. The D.C. Circuit noted that "the regulations compel a substantial (and potentially permanent) increase in funding due to the DOI's untimely 2014 declination." *Id.* at 294.

23. The actions for CY 2017 through CY 2020 have been remanded to this Court but no final judgment has yet been entered.

24. The actions for CY 2021 through CY 2025 are pending before this Court.

**The Instant (CY 2026) Action**

25. On September 24, 2025, the Nation submitted its proposed AFA for CY 2026 to the BIA, seeking funding of $25,019,155.

26. The Nation explained that this amount reflected the impact of congressional increases in funding for ISDEAA contracts for the Tribal Courts program.

27. Increases (or decreases) in congressional appropriations for all self-determination contracts are distributed proportionally to tribes based on their existing base funding and become part of each tribe's recurring base funding for subsequent years.

28. As a result of increases in congressional appropriations, the BIA increased the recurring base funding for all Tribal Courts contracts some 47% from CY 2017 to CY 2023.

29. Consequently, the BIA increased the recurring base funding for the Nation's contract from $1,436,301 in CY 2017 to $2,106,905 in CY 2023.

30. However, the Nation's recurring base contract funding for CY 2017 was, as a matter of law, $17,055,477 rather than $1,436,301.

31. Accordingly, the Nation should have received proportionally greater funding increases under the contract from CY 2017 through CY 2023 as a result of the increased appropriations for fiscal year ("FY") 2017 through FY 2023.

32. The Nation calculated that its contract funding should have increased to

5

$25,019,155 for CY 2023.

33.     The Nation sought and should have received $25,019,155 for CY 2024 and CY 2025. (There were no increases in congressional appropriations for FY 2024 and FY 2025.)

34.     The Nation should have received $25,019,155 for CY 2026 plus an addition resulting from any increases in congressional appropriations for FY 2026.

35.     By a letter of December 16, 2025, the BIA partially declined the Nation's proposed funding for CY 2026 to the extent it exceeds the amount available for the contract, which BIA estimated to be $2,106,950. *See* Exhibit A.

36.     This letter also noted BIA's objection to certain language in two paragraphs of the proposed 2026 AFA – one in Section B and the other in Section D – and asserted that BIA considered those provisions "not part of the Contract and legally unenforceable."

37.     This same language, or substantially the same language, had been included in the approved AFAs for CY 2017 and CY 2018.

38.     Defendants purported to remove this language in the AFAs for CY 2019 through CY 2025 but the Nation contested these removals as part of its actions challenging the partial declinations for those years.

39.     This Court ruled on March 21, 2022, that the removal of this language in the AFAs for CY 2019 and CY 2020 was unlawful and ordered that the language be restored. Defendants did not appeal this ruling.

40.     Defendants' purported removal or invalidation of the language in Sections B and D from the proposed 2026 AFA violates this Court's ruling of March 21, 2022.

### The Nation's Entitlement to Relief

41.     Pursuant to Section 106(b) of the ISDEAA, 25 U.S.C. § 5325(b), the amount of

6

funding provided to an Indian tribe under a self-determination contract shall not be reduced by the Secretary in subsequent years except pursuant to— (A) a reduction in appropriations from the previous fiscal year for the program or function to be contracted; (B) a directive in the statement of the managers accompanying a conference report on an appropriation bill or continuing resolution; (C) a tribal authorization; (D) a change in the amount of pass-through funds needed under a contract; or (E) completion of a contracted project, activity, or program.

42. Pursuant to Section 102(a)(2) of the ISDEAA, 25 U.S.C. § 5321(a)(2), and the ISDEAA regulations, 25 C.F.R. §§ 900.32 and 900.33, the Secretary may not decline an Indian tribe's proposed successor AFA or a proposal to renew a contract, or portions thereof, if it is substantially the same as the prior AFA or contract (except as provided in section 106(b) of the ISDEAA, 25 U.S.C. § 5325(b)).

43. Defendants' partial declination of the Nation's proposed funding of $25,019,155 for CY 2026 violated their obligations under the ISDEAA and its implementing regulations and constitutes a material breach of contract.

44. The BIA could not remove or invalidate the language in Sections B and D of the proposed AFAs for CY 2021 through CY 2026 because the same language, or substantially the same language, was included in the AFAs for CY 2017 through CY 2020.

45. Defendants' purported invalidation of this language in Sections B and D of the proposed AFA for CY 2026 violated their obligations under the ISDEAA and its implementing regulations, and flouts this Court's March 21, 2022 ruling in *Navajo Nation v. Department of the Interior, et al.*, No. 1:16-cv-00011.

**FIRST CLAIM FOR RELIEF—DECLARATORY JUDGMENT**

46. The Nation re-alleges and incorporates by reference the allegations of paragraphs

1- 45 above, as if fully set forth herein.

47.    The Nation is entitled to a judgment declaring that the Nation's funding proposal for CY 2026 may not be declined and that the Nation is entitled to receive $25,019,155 plus an addition resulting from any increases in congressional appropriations for FY 2026.

## SECOND CLAIM FOR RELIEF—INJUNCTION

48.    The Nation re-alleges and incorporates by reference the allegations of paragraphs 1- 47 above, as if fully set forth herein.

49.    Under 25 U.S.C. § 5331(a), this Court may order appropriate relief including money damages, injunctive relief against any action by an officer of the United States or any agency thereof contrary to the ISDEAA, or mandamus to compel a federal officer or employee to perform a duty imposed by the ISDEAA, "including immediate injunctive relief to reverse a declination finding under [25 U.S.C. §] 5321(a)(2) . . . or to compel the Secretary to award and fund an approved self-determination contract."

50.    The Nation is entitled to injunctive relief compelling the Secretary to provide contract funding in the amount of $25,019,155 for CY 2026 plus an addition resulting from any increases in congressional appropriations for FY 2026.

## THIRD CLAIM FOR RELIEF—BREACH OF CONTRACT

51.    The Nation re-alleges and incorporates by reference the allegations of paragraphs 1- 50, above, as if fully set forth herein.

52.    By partially declining the Nation's proposed funding in the amount of $25,019,155 and proposing to pay only an estimated $1,859,673 for CY 2026, the Defendants breached their contractual obligations.

53.    The Nation is entitled to  an award of damages plus interest, plus reasonable fees

and expenses, including attorneys' fees,  pursuant to 25 U.S.C. § 5331(a).

**FOURTH CLAIM FOR RELIEF—DECLARATORY JUDGMENT**

54.     The Nation re-alleges and incorporates by reference the allegations of paragraphs 1- 53, above, as if fully set forth herein.

55.     The Nation is entitled to a judgment declaring that the language in Sections B and D of the Nation's proposed AFA for CY 2026 to which BIA objected is lawful and must be approved.

**FIFTH CLAIM FOR RELIEF - INJUNCTION**

56.     The Nation re-alleges and incorporates by reference the allegations of paragraphs 1- 55, above, as if fully set forth herein.

57.     The Nation is entitled to injunctive relief compelling the Secretary to restore and acknowledge the validity of the contested language in Sections B and D of the Nation's proposed AFA for CY 2026.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Nation respectfully requests that the Court enter judgment in favor of the Nation and against Defendants:

A.     Declaring that the Nation's renewal proposal for CY 2026 may not be declined and that the Nation is entitled to receive $25,019,155 plus an addition resulting from any increases in congressional appropriations for FY 2026;

B.     Compelling the Secretary to provide contract funding in the amount of $25,019,155 plus an addition resulting from any increases in congressional appropriations for FY 2026;

C.     Awarding damages to the Nation in the approximate amount of $23,159,482 plus

9

an addition resulting from any increases in congressional appropriations for FY 2026 plus interest, expenses, and fees, including reasonable attorneys' fees;

   D. Declaring that the contested language in Sections B and D of the Nation's proposed AFA for CY 2026 is lawful and must be approved;

   E. Compelling the Secretary to restore the contested language in Sections B and D of the Nation's proposed AFA for CY 2026; and

   F. Granting the Nation such other relief as the Court deems just and proper.

Dated this 23rd day of June, 2026.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By:   /s/ Steven D. Gordon
Philip Baker-Shenk (D.C. Bar No. 386662)
Steven D. Gordon (D.C. Bar No. 219287)
800 17th Street, N.W., Suite 1100
Washington, D.C.  20006
Tel: (202) 955-3000
Fax: (202) 955-5564

*Attorneys for Plaintiff the Navajo Nation*